# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:16 cv 359

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Approximately 1439 Sabre Defence ) | |
| Industries M16 A2, A3, and A4 5.56 ) | |
| Caliber machine guns; et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

THIS MATTER has come before the undersigned pursuant to Zeta Capital Limited's Motion for Leave (#32). In the motion, the claimant Zeta requests permission of the Court to permit Ernest B. Williams IV, who has been admitted to this Court to practice pro hac vice (#18) to appear without local counsel David A. Lloyd. At the call of this matter on for hearing, it appeared Mr. Williams was present, the Government was present through AUSA Benjamin Bain-Creed. In the motion, which was filed by Attorney Lisa M. Rosado, Ms. Rosado states that on June 5, 2017 Mr. Williams and Mr. Lloyd discovered that the Local Rules of the Western District of North Carolina requires local counsel to accompany a pro hac vice admittee at all hearings unless otherwise permitted by the Court. The motion further states that Mr. Lloyd was leaving for Germany and could not accompany Mr.

Williams to the hearing of this matter which was scheduled for June 6, 2017.

**Discussion.** An initial examination of the motion showed that the motion did not reflect counsel for the claimant had consulted with Mr. Bain-Creed as required by LCvR 7.1(B). The Court provided Mr. Creed the Court's copy of the claimant's motion.

LCvR 83.1(B)(1) provides as follows:

> **Pro Hac Vice Admissions.** A *pro hac vice* admission is defined as an admission to the Bar of this Court in a particular case by an attorney who is a member in good standing of the Bar of the United States District Court, the Bar of the highest Court of any state, or the District of Columbia Bar. Such a candidate for admission must associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court.

On January 6, 2017, Mr. Lloyd filed an Application for Admission to Practice Pro Hac Vice (#13) on behalf of Mr. Williams. In the Application, Mr. Lloyd stated "the undersigned movant will serve as co-counsel in these proceedings and will attend all hearings with the proposed admittee unless otherwise permitted by the court." The undersigned entered an Order (#18) allowing the motion and stated in the Order, "that Ernest B. Williams, IV is admitted to practice *pro hac vice*, before the Bar of this court while associated with David A. Lloyd."

On April 10, 2017, the Plaintiff filed a Motion for Stay (#28). On April 24, 2017, counsel for the claimant filed Zeta Capital Limited's Response in Opposition to the United States of America's Motion for Stay (#30) and requested oral

argument. On May 11, 2017, pursuant to this request, the undersigned scheduled a hearing of the motion and the response of Zeta Capital Limited. The hearing was set for June 6, 2017 at 9:00 a.m.

It appears from the records in this cause, Mr. Williams and Mr. Lloyd knew and understood as early as January 6, 2017 when there was filed the Application for Admission to Practice Pro Hac Vice, that Mr. Lloyd would be required by the Court to be present with Mr. Williams at all hearings. The Order entered by this Court requires such attendance. Local Rule of Civil Procedure 83.1(B)(1) requires local counsel attend all hearings. The undersigned finds that due to the fact that Mr. Williams and Mr. Lloyd have understood since January 6, 2017 that Mr. Lloyd's attendance would be required as set forth of their understanding of that requirement in writing, that good cause does not exist to grant Zeta Capital's motion for leave.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that Zeta Capital Limited's Motion for Leave (#32) is **DENIED.**

Signed: June 9, 2017

_____
Dennis L. Howell
United States Magistrate Judge