IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CASE NO. 1:16CV359-MR-WCM

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | **CONSENT ORDER FOR** |
| ) | **THIRD PARTY CLAIM** |
| Approximately 1439 Sabre Defence ) | |
| Industries M16 A2, A3, and A4 5.56 ) | |
| caliber machine guns, et. al. ) | |

THIS MATTER is before the Court pursuant to 26 U.S.C. § 5872, and by consent of the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina and Claimant Zeta Capital Limited ("Claimant"), through counsel. The Government and Claimant agree to the entry of this Consent Order for Third Party Claim as a final adjudication and settlement of all forfeiture matters between Claimant and the Government with regard to the properties (collectively, "the Properties"), consisting primarily of machineguns, identified in the Complaint for Forfeiture *In Rem*.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. The Government contends that the Properties are subject to forfeiture pursuant to the National Firearms Act ("NFA"). Claimant has filed a Claim (Doc. 5) for the Properties. Claimant alleges it is a secured creditor of Manroy Defense Systems ("Manroy"), the entity from which law enforcement seized the Properties. Claimant contends that not all of the Properties are subject to forfeiture under the NFA and Claimant should be allowed to place certain of the Properties in the possession of a properly licensed entity (hereafter, "Claimant's Escrow Agent") for sale.

The Government has advised Claimant that any settlement in this forfeiture action must account for the facts (1) that the disposition of Manroy's assets should continue pursuant to the oversight of and previous orders entered by the Rutherford County, North Carolina Superior Court; and (2) that, regardless of the parties' settlement herein, the Department of Justice, Bureau of Alcohol, Tobacco, and Firearms ("ATF") maintains certain authority under the National Firearms Act and Gun Control Act regarding any transfer of the Properties that may occur per this settlement, although the parties hereto expressly agree that the removal of the parts as described herein are intended to eliminate the classification of the parts as

machine guns subject to the NFA. Based on this background, the Government and Claimant enter into the agreements set forth herein.

2. Claimant stipulates and agrees that the Properties not otherwise identified herein for transfer to Claimant's Escrow Agent are subject to forfeiture pursuant to the NFA and that Claimant waives any and all purported interest in such Properties. This Consent Order hereafter identifies the Properties that the Government agrees to allow Claimant to attempt to sell, via Claimant's Escrow Agent and pursuant to the terms and restrictions herein, as the "Stipulated Settlement Properties." This Consent Order hereafter identifies the Properties that Claimant consents are subject to forfeiture under the NFA as the "Stipulated Forfeited Properties."

3. Claimant stipulates and agrees that, within 45 days of the Court's entry of this Consent Order, Claimant will notify the Government in writing of Claimant's Escrow Agent. Claimant's Escrow Agent must be a Federal Firearms Licensee that has timely paid a special (occupational) tax and is in good standing with ATF. Claimant understands and agrees that, if it fails to submit the name of a properly licensed Escrow Agent within 45 days from the entry of this Consent Order, Claimant shall be bound by its consent to forfeiture of the Stipulated Forfeited Properties but the

Government shall no longer be bound by its agreements with regard to the Stipulated Settlement Properties and may thereafter pursue forfeiture of the Stipulated Settlement Properties in this or another action.

4. The Government agrees to the following as to the Stipulated Settlement Properties:

    a. The Government agrees that Claimant may attempt to transfer, in accordance with applicable law and via Claimant's Escrow Agent, the following Stipulated Settlement Properties to a Federal Firearms Licensee that has timely paid a special (occupational) tax and is in good standing with ATF:

        i. One SAW M249 machinegun identified more specifically in the Complaint;

        ii. One Colt 9mm machinegun identified more specifically in the Complaint;

        iii. One Heckler & Koch MP5 9mm machinegun identified more specifically in the Complaint;

        iv. Six Ramo M-2 .50 caliber machineguns identified more specifically in the Complaint; and

v.  Any and all properly registered firearm suppressors seized from Manroy and not affixed to firearms, as well as any and all properly registered firearms suppressors that Claimant's Escrow Agent removes from the 1439 Sabre Defence Industries M16 machineguns, 538 Manroy XR16 machineguns, 124 Sabre Defense Industries XR16 machineguns, 6 Sabre Defense Industries XR15 machineguns, and 1 Manroy XR15 machinegun identified more specifically in the Complaint.

b.  The Government further agrees that Claimant may attempt to transfer, in accordance with applicable law and via Claimant's Escrow Agent, the following Stipulated Settlement Properties: the parts defined herein. For purposes of this Consent Order, "parts" shall mean any and all parts of the 1439 Sabre Defence Industries M16 machineguns, 538 Manroy XR16 machineguns, 124 Sabre Defense Industries XR16 machineguns, 6 Sabre Defense Industries XR15 machineguns, and 1 Manroy XR15 machinegun, except for lower receiver assemblies or fire control parts. The terms "lower receiver assemblies" and "fire

control parts" shall include sear and other fire control parts, hammer, selector, and disconnector, but shall not include the "upper receiver assemblies." Claimant understands that the Government is under no obligation to remove parts for Claimant, any costs associated with removing parts shall be borne solely by Claimant, and the Government will allot no more than five eight-hour business days for Claimant's Escrow Agent to remove parts herein. Any parts not removed during the allotted business days shall be subject to forfeiture as if they are Stipulated Forfeited Properties herein. The Government agrees that the "parts" described herein are not, by themselves, controlled items under NFA.

c. The Government agrees to either hold the Stipulated Settlement Properties pending transfer or, if requested by Claimant's Escrow Agent, place the Stipulated Settlement Properties in the possession of Claimant's Escrow Agent within thirty days from the date upon which Claimant designates an Escrow Agent that satisfies the criteria herein.

5.  Claimant understands that the Government has obtained a limited waiver by Surefire of its purported interest in the Stipulated Settlement Properties and Claimant also understands that the NFA and implementing regulations grant ATF certain authorities and legal obligations with regard to the transfer of firearms, including the Stipulated Settlement Properties herein. Claimant agrees that any transfer of the Stipulated Settlement Properties must be approved or waived in advance by ATF. Claimant agrees that, if it fails to effectuate a transfer approved by ATF within 180 days from the Court's entry of this Consent Order, Claimant consents to forfeiture of any Stipulated Settlement Properties as if they are Stipulated Forfeited Properties herein. Within 7 days of the transfer, Claimant further agrees to provide written notice to the Government. If the Claimant is unable to effectuate a transfer of one or more of the Stipulated Settlement Properties within 180 days from the Court's entry of this Consent Order, Claimant must immediately notify the Government in writing and file a Notice with the Court regarding same. In addition, the Government shall consent, upon application by Zeta, to an extension of an additional 180 days to effectuate a transfer of the Stipulated Settlement Properties, such approval not to be unreasonably withheld by the Government.

6. Zeta, and any of its successors, agree to reimburse, indemnify, and hold harmless the United States and any of its agencies, agents, contractors or employees, from and against any and all claims and causes of action incident to, or resulting or arising from, the entry of this Consent Order.

7. The agreements herein and the opportunity provided by the Government to Claimant to contract with Claimant's Escrow Agent for transfer of the Stipulated Settlement Properties are in full settlement and satisfaction of all claims by Claimant to the Properties. Claimant understands and agrees that, following the performance of obligations set forth herein, including but not limited to the transfer of the Stipulated Settlement Properties to Zeta's Escrow Agent, the United States reserves the right to terminate the forfeiture action. The Government and Claimant waive any rights to further litigate between each other in this forfeiture action to the Properties and agree that this Consent Order for Third Party Claim shall be in full settlement and satisfaction of all claims between Claimant and the Government in this action to the Properties and all claims between Claimant and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Properties.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein:

    a. Within 45 ays from the Court's entry of this Consent Court, Claimant shall designate Claimant's Escrow Agent. Failure to do so shall constitute a waiver of any interest in the Stipulated Settlement Properties;

    b. Within 30 days from the date upon which Claimant designates an Escrow Agent that satisfies the criteria set forth herein, the Government shall make the Stipulated Settlement Properties available for the Escrow Agent to pick-up from a designated storage location in Charlotte, North Carolina and shall make the Properties available for Claimant's Escrow Agent to remove the specified parts for five eight-hour business days;

    c. Within 180 days from the Court's entry of this Consent Order, Claimant's Escrow Agent shall transfer the Stipulated Settlement Properties upon the terms and under the restrictions set forth herein. In addition, the Government

shall consent, upon application by Zeta, to an extension of an additional 180 days to effectuate a transfer of the Stipulated Settlement Properties, such approval not to be unreasonably withheld by the Government. ; and

d. Claimant's Claim to all of the Stipulated Forfeited Properties (i.e. any properties that are not Stipulated Settlement Properties and any properties that are forfeited due to Claimant's failure to satisfy any of the terms and conditions of this Consent Order) is hereby dismissed with prejudice.

2. The Government and Claimant shall bear their own costs, including but not limited to attorneys' fees and costs. The $5,000 bond tendered by Claimant shall be returned to Claimant within 30 days after Claimant identifies an Escrow agent that satisfies the criteria set forth herein.

Signed this __2__ day of January, ~~2018~~ 2019.

_____
HON. MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND BY CONSENT OF THE PARTIES:

**R. ANDREW MURRAY**
**UNITED STATES ATTORNEY**

_____  Dated: 12/21/18
Benjamin Bain-Creed
Jonathan Letzring
Assistant United States Attorneys


**CLAIMANT ZETA CAPITAL LIMITED**

_____  Dated: 11/21/2018
Michael B. Schwegler, Esq.
Attorney for Claimant

_____  Dated: 12/21/2018
James Kilbourne, Esq.
Attorney for Claimant