**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CASE NO. 1:16-cv-00359-MR-WCM**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **DEFAULT JUDGMENT** |
| | ) | **OF FORFEITURE** |
| **Approximately 1439 Sabre** | ) | |
| **Defence Industries M16 A2, A3,** | ) | |
| **and A4 5.56 caliber machineguns;** | ) | |
| | ) | |
| **Approximately 538 Manroy XR16** | ) | |
| **5.56 caliber machineguns;** | ) | |
| | ) | |
| **Approximately 124 Sabre Defence** | ) | |
| **Industries XR16 5.56 caliber** | ) | |
| **machineguns;** | ) | |
| | ) | |
| **Approximately 6 Sabre Defence** | ) | |
| **Industries XR15 A2 and A3 5.56** | ) | |
| **caliber machineguns;** | ) | |
| | ) | |
| **Approximately 1 Manroy XR15** | ) | |
| **5.56 caliber machinegun;** | ) | |
| | ) | |
| **Approximately 1 Browning M2 .50** | ) | |
| **caliber machinegun;** | ) | |
| | ) | |
| **Approximately 1 SAW M249** | ) | |
| **machinegun;** | ) | |
| | ) | |
| **Approximately 1 Colt 9mm** | ) | |
| **machinegun;** | ) | |
| | ) | |
| **Approximately 1 Heckler & Koch** | ) | |
| **MP5 9mm machinegun;** | ) | |
| | ) | |

Approximately 1 Miscellaneous )
Silencer Suppressor Part for .50 )
caliber machinegun; )
)
Approximately 5 Ramo Inc. M-2 )
.50 caliber machineguns; )
)
Approximately 15 XR16 5.56 )
caliber machineguns for which )
the manufacturer is unknown; )
)
Approximately 107 Sabre Defence )
IndustriesM2 .50 caliber )
machineguns; )
Approximately 17 M16 / XR16 type )
machine gun receivers for which )
the manufacturer is unknown and )
unmarked; )
)
Approximately 142 machine gun )
receiver right hand side plates for )
which the manufacturer is )
unknown and unmarked, All such )
items seized from Manroy )
Defense Systems and more )
specifically identified on )
Attachment A to this Complaint )
for Forfeiture )
In Rem. )

THIS MATTER is before the Court on the Government's Motion for

Default Judgment of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2).  [Doc.

86].

The Government requests that the Court enter a Default Judgment of Forfeiture as to all persons and entities in the world, excluding Zeta Capital Limited, with respect to the Defendant Properties named in the Complaint.

On November 4, 2016, the Government filed a verified Complaint for Forfeiture *In Rem* [Doc. 1] against numerous assets[1] ("the Defendant Properties") seized in the Western District of North Carolina pursuant to a federal Search and Seizure Warrant executed on or around July 29, 2016. As set forth in detail in the Complaint and other materials placed on the docket during summary judgment proceedings in this case, the Properties constitute items involved in one or more violations of 26 U.S.C. § 5861 and are therefore subject to forfeiture pursuant to 26 U.S.C. § 5872 of the National Firearms Act. The Clerk issued a Warrant of Arrest *In Rem* on November 7, 2016. [Doc. 2].

The Government thereafter provided direct notice of this action to all know potential claimants, as specified in the Government's Motion for Default Judgment of Forfeiture. [Doc. 86]. Additionally, the Government provided notice by publication as to all persons with potential claims to the Defendant Property by publishing notice via www.forfeiture.gov from

---

[1] This Court previously dismissed a Ramo firearm from this case and, therefore, that firearm is not included in the Properties identified in this Motion. [Doc. 61].

December 7, 2016 through January 15, 2017, as shown in the Declaration of Publication.  [Doc. 22].

As a result, Zeta Capital Limited ("Zeta"), Sabre Defence Industries, Inc. ("Sabre'), and Manroy USA, LLC ("Manroy") submitted claims and answers as to the Defendant Properties.

Both Sabre and Manroy submitted *pro se* claims and answers.  [Docs. 7, 8]. On January 6, 2017, the Court struck the *pro se* claims and answers submitted by Sabre and Manroy, ruling that a corporation may not appear in federal court *pro se,* and instead must appear through licensed counsel.  The Court gave the *pro se* claimants ten days to obtain counsel and, when they failed to do so, the Court issued an Order [Doc. 27] directing the Clerk to remove Manroy and Sabre as claimants, and to proceed with Zeta as the sole claimant.  Then, the Government and Zeta entered into a proposed Consent Order that the Court issued [Doc. 73] settling Zeta's Claim [Doc. 5].

The time for filing claims has now expired, and the Clerk of Court has issued an Entry of Default.  [Doc. 85].

Other than Sabre and Manroy, whose claims have been stricken, and Zeta, whose Claim is settled, no other persons or entities have filed a claim or answer within the time required by the Complaint, the public notice, or the Supplemental Rules for Certain Admiralty and Maritime claims.  On June 11,

2019, the Clerk entered Default as to all persons and entities in the world, excluding Zeta Capital Limited. [Doc. 85]. Under such circumstances, Rule 55(b)(2) provides for the entry of a default judgment of forfeiture by the Court.

Having reviewed the Government's motion, the Court concludes that the entry of a default judgment of forfeiture is appropriate.

Accordingly, **IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that The Government's Motion for Default Judgment of Forfeiture [Doc. 86] is **GRANTED**, and judgment is entered in favor of the United States against all persons and entities in the world, excluding Zeta Capital Limited, with respect to the Defendant Properties.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons and entities in the world, excluding Zeta Capital Limited, to the Defendant Properties is **FORFEITED** to the United States, subject to the stipulations and agreements in the Consent Order for Third Party Claims [Doc. 73]. The United States Marshal, or designated custodian, is respectfully directed to dispose of the Defendant Properties as provided by law.

Signed: June 19, 2019

Martin Reidinger
United States District Judge